GARY OWEN CARIS (SBN 088918)
e-mail:  gcaris@mckennalong.com
LESLEY ANNE HAWES (SBN 117101)
e-mail:  lhawes@mckennalong.com
MCKENNA LONG & ALDRIDGE LLP
300 South Grand Avenue, 14th Floor
Los Angeles, CA  90071-3124
Telephone:  (213) 688-1000
Facsimile:   (213) 243-6330

Attorneys for Monitor
ROBB EVANS & ASSOCIATES LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>                    Plaintiff,<br><br>          v.<br><br>JOHN BECK AMAZING PROFITS, LLC, a California limited liability company, et al.,<br><br>                    Defendants. | CASE NO. 2:09-CV-4719-JHN-CW<br><br>**REPORT OF MONITOR'S ACTIVITIES DATED JUNE 6, 2011** |

  Monitor Robb Evans & Associates LLC ("Monitor") submits its third report to the Court.  On February 1, 2010, the Monitor filed its initial Report of Monitor's Activities November 17, 2009 Through February 1, 2010 (Doc. No. 254) ("First Report").  The First Report generally described the business operations of the Monitored Defendants, the monitoring activities undertaken by the Monitor, and the Monitored Defendants' telemarketing activities.

  On June 7, 2010, the Monitor filed its Report of Monitor's Evaluation of Liquidity and Solvency Dated May 28, 2010 ("Second Report").  The Second Report was filed under seal pursuant to section X.A of the Preliminary Injunction Appointment of Monitor and Other Equitable Relief ("Preliminary Injunction").

1  The Second Report provided the Court with the consolidated balance sheet of the
2  Monitored Defendants as of December 31, 2009 and January 31, 2010 based on
3  information provided by the Monitored Defendants. The Second Report also
4  contained a combined income statement of the Monitored Defendants for the twelve
5  months ending December 31, 2009 based on information provided by the
6  Monitored Defendants.

7  Recently, Plaintiff Federal Trade Commission ("FTC") has communicated
8  serious concerns with the Monitor's lack of periodic reporting as provided under
9  section X of the Preliminary Injunction. Specifically, section X of the Preliminary
10 Injunction provides that the Monitor file its first report within 45 days of entry of
11 the Preliminary Injunction and periodic additional reports every 60 calendar days
12 thereafter. The Monitor acknowledges that it has not submitted periodic reports
13 according to the time schedule provided in the Preliminary Injunction, and
14 apologizes to the Court and the parties for its failure to comply with the periodic
15 reporting requirements contained therein. Without excusing or minimizing the
16 Monitor's failure to submit periodic reports every 60 days, the Monitor briefly
17 explains the facts and circumstances facing the Monitor during this assignment, as
18 well as updating the Court with respect to the Monitor's work since the filing of the
19 First Report.

20  Initially, counsel for the Defendants consistently objected to the Monitor
21 hiring counsel, contending that the Preliminary Injunction did not provide the
22 Monitor the right to hire counsel. Defendants were particularly concerned about
23 having to pay the cost of the Monitor's counsel. After an extended discussion on
24 this issue, the FTC, Defendants, and Monitor entered into a Stipulation re:
25 Monitor's Limited Hiring of Counsel filed January 19, 2010 ("Stipulation") (Doc.
26 No. 250). The Stipulation, which was approved by Court order entered January 21,
27 2010 (Doc. No. 251), provided that the Monitor may retain outside counsel only to
28 prepare ordinary course filings and to handle other non-adversarial matters.

1  The Monitor continued to regularly review recorded telemarketing calls of the Monitored Defendants after its First Report through early August, 2010. The Monitor reviewed inbound and outbound telemarketing calls recorded on the OAISYS system. Accessing recorded calls on the OAISYS system continued to be slow and cumbersome. Responses to searches for specific telephone numbers or queries by date were at times so slow that the connection to the system would be terminated. A message would appear that read, "Error reading stream: an existing connection was forcibly closed by remote access."

The primary compliance problem continued to be the failure of the telemarketers to disclose that the telephone call was being recorded; however, the frequency of this problem seemed to abate by April 2010. As early as February 24, 2010, the Monitor observed that the Monitored Defendant's customer service agents were handling inbound calls for a third party vendor, namely, Kevin Trudeau and his book entitled Ten Easy Ways to Make Money From Home. On March 20, 2010, the Monitor noted inbound calls concerning an internet based program for Cleo Katz called Secrets to Foreclosure Fortune.

It appeared to the Monitor that the Monitor Defendants had contracted with other vendors to offer customer service support. The Monitor noted that the frequency of calls regarding the Jeff Paul program seemed to slow. By early August, the Monitor determined that most of these calls did not appear to pertain to the named Monitored Defendants. Consistent with this determination, on February 3, 2011, the Monitor was copied with a lengthy letter from the FTC's counsel to Defendants' counsel addressing what the FTC considered to be violations of the Preliminary Injunction by Defendants moving their business activities to non-defendant companies.

As noted above, the Monitor's Second Report evaluated the liquidity and solvency of the Monitored Defendants, filed June 7, 2010. Without disclosing potentially sensitive business information, suffice it to say that the Monitor

1  described the troubled financial condition of the Monitored Defendants in the
2  Second Report.  Shortly thereafter, the Monitor was advised by Defendants' counsel
3  that the Monitored Defendants' Arizona facility had been shut down on June 17,
4  2010.  The apparent financial difficulties of the Monitored Defendants were
5  underscored by an August 2, 2010 letter received by the Monitor from the
6  Defendants' counsel, seeking permission to pay the Monitor's approved fees and
7  expenses in seven equal monthly installments, rather than in one lump sum.
8      As a result of the FTC's concerns over the Monitor's recent inactivity and
9  lack of periodic reporting, and in anticipation of the upcoming contempt hearing, on
10 May 26, 2011, the Monitor requested copies of the Peach Tree electronic
11 accounting files for the Monitored Defendants, including the named Corporate
12 Defendants and all of their affiliates, subsidiaries, successors and assigns, and any
13 other corporations or businesses under the control of any of them.  These electronic
14 accounting files were requested to be produced by June 3, 2011.  Other backup
15 documents were requested, and the Monitor also asked the Defendants to advise it
16 when the backup documents could be obtained.  In response, Defendants' counsel
17 responded to the Monitor, indicating that they believed the demand was not within
18 the scope of the Preliminary Injunction, that it was unreasonable to demand these
19 documents by June 3, 2011, and inquiring why the Monitor was making this
20 demand now.  In response, counsel for the Monitor explained that the request for
21 documents and information is within the scope of the Monitor's authority, the
22 entities which are the subject of the Monitor's requests constitute named Corporate
23 Defendants, as well as persons and entities whose financial records are located on
24 the Corporate Defendants' books and records, and persons and entities disclosed by
25 the monitoring activities of the Monitor.  Counsel for the Monitor further explained
26 that the electronic accounting files were the only things requested by June 3, 2011
27 and that those could be copied in not more than one business day.  Finally, the
28 Monitor's counsel explained that these documents and information may be relevant

1  at the upcoming contempt hearing.  Counsel for the Monitor further invited
2  Defendants' counsel to contact him if Defendants' counsel wished to discuss this
3  request further, but no such contact was made.
4      As of the date of this Report, the Defendants have not provided any of the
5  requested electronic Peach Tree accounting files or any other requested documents.

6  
7  Dated:    June 7, 2010        MCKENNA LONG & ALDRIDGE LLP
                                                   GARY OWEN CARIS
8                                                     LESLEY ANNE HAWES
9
10                                                    By: /s/ Gary Owen Caris
                                                         Gary Owen Caris
11                                                          Attorneys for Monitor
                                                         ROBB EVANS & ASSOCIATES
12                                                          LLC

MCKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
LOS ANGELES

- 5 -

LA:17853672.2

## PROOF OF SERVICE

I, Pamela A. Coates, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 300 South Grand Avenue, 14th Floor, Los Angeles, California 90071. On June 7, 2011, the within document entitled **REPORT OF MONITOR'S ACTIVITIES DATED JUNE 6, 2011** was served by ECF on the following:

>Kenneth H. Abbe – kabbe@ftc.gov
>
>Michael S. Brophy – mbrophy@raklaw.com
>
>Gary Owen Caris – gcaris@mckennalong.com, pcoates@mckennalong.com
>
>David Robert Gabor – dgabor@raklaw.com, shackney@raklaw.com, ksanderlin@raklaw.com, nwilson@raklaw.com
>
>Matthew D. Gold – mgold@ftc.gov
>
>John D. Jacobs – jjacobs@ftc.gov
>
>Judith L. Meadow – jmeadow@raklaw.com
>
>Stacy Rene Procter – sprocter@ftc.gov
>
>Evan Rose – erose@ftc.gov
>
>Larry C. Russ – lruss@raklaw.com, tvogt@raklaw.com, lcdiaz@raklaw.com

Pursuant to the court's Manual Notice List, on June 7, 2011, I served the above-entitled document on:

Alexander S. Polsky
JAMS
500 North State College Boulevard, Suite 600
Orange, CA 92648

McKenna Long &
Aldridge LLP
Attorneys At Law
Los Angeles

- 6 -

LA:17853672.2

1 by placing a true copy thereof, enclosed in a sealed envelope, postage prepaid.

2     I am readily familiar with the business practice of my place of employment
3 in respect to the collection and processing of correspondence, pleadings and notices
4 for mailing with United States Postal Service.

5     The foregoing sealed envelope was placed for collection and mailing this
6 date consistent with the ordinary business practice of my place of employment, so
7 that it will be picked up this date with postage thereon fully prepaid at Los Angeles,
8 California, in the ordinary course of such business.

9     I declare under the penalty of perjury that the foregoing is true and correct,
10 and that I am employed in the office of a member of the bar of this Court at whose
11 direction the service was made.

12     Executed on June 7, 2011 at Los Angeles, California.

                    /s/ *Pamela A. Coates*
            Pamela A. Coates