**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA



| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No. CV-09-4719-JHN (CWx) |
| Plaintiff, | |
| v. | **FINAL JUDGMENT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF AGAINST JOHN BECK AMAZING PROFITS, LLC, JOHN ALEXANDER, LLC, JEFF PAUL, LLC D/B/A SHORTCUTS TO MILLIONS, LLC, MENTORING OF AMERICA, LLC, FAMILY PRODUCTS, LLC, JOHN BECK, DOUGLAS GRAVINK, GARY HEWITT, JEFF PAUL, AND JOHN ALEXANDER** |
| JOHN BECK AMAZING PROFITS, LLC, et al., | |
| Defendants. | |

Plaintiff Federal Trade Commission ("FTC" or "Commission") commenced this action by filing its Complaint for injunctive and other equitable relief pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b), 57b, and the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. §§ 6101 *et seq.*, charging that all Defendants in the instant case engaged in deceptive acts or practices in violation of

Section 5 of the FTC Act, 15 U.S.C. § 45(a), and the FTC's Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, promulgated pursuant to the Telemarketing Act.[1]  Plaintiff filed a motion for summary judgment pursuant to Rule 56(a) of the Federal Rules of Civil Procedure against all Defendants on August 15, 2011.

On April 20, 2012, the Court granted the FTC's motion.  Accordingly, the Court makes the following findings and enters an Order for Permanent Injunction and Other Equitable Relief ("Order") as follows:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter of this case and each of the parties.  Venue lies properly with this Court.

2. Pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), the Commission has the authority to seek the relief contained herein.

3. The acts and practices of Defendants, as alleged in the Complaint, are in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

4. The Complaint states a claim upon which relief may be granted against Defendants under Sections 5(a) and 13 (b) of the FTC Act, 15 U.S.C. §§ 45(a) and 53(b).

5. There is no genuine issue as to any material fact concerning the liability of the Defendants, individually and collectively, for deceptive and abusive acts and practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45(a), and the Telemarketing Sales Rule, 16 C.F.R. Part 310, or the amount of consumer losses caused by Defendants' deceptive acts and practices.

---

[1]  Individual defendants Gary Hewitt, Douglas Gravink, John Beck, John Alexander, and Jeff Paul, and corporate defendants Mentoring of America, LLC; Family Products, LLC; John Beck Amazing Profits, LLC; Jeff Paul, LLC; and John Alexander, LLC are collectively referred to herein as "Defendants."

-2-

6.  Uncontroverted evidence establishes that Defendants, individually or collectively, misrepresented the likelihood of consumers who purchased and used the system sold by defendant John Beck being able to purchase homes at government tax sales in their area, "free and clear" of all mortgages and liens, for just "pennies on the dollar"; misrepresented the ability of consumers to earn substantial amounts of money renting or selling homes they purchase at government tax sales; and misrepresented the ability of consumers to quickly and easily earn substantial amounts of money with little financial investment.

7.  Uncontroverted evidence establishes that Defendants, individually or collectively, misrepresented the likelihood of consumers who purchased and used the system that was sold by defendant John Alexander being able to quickly and easily earn substantial amounts of money with no financial investment.

8.  Uncontroverted evidence establishes that Defendants, individually or collectively, misrepresented the likelihood of consumers who purchased and used the system that was sold by defendant Jeff Paul being able to quickly and easily earn substantial sums of money from proven, turnkey Internet businesses.

9.  Uncontroverted evidence establishes that Defendants, individually or collectively, failed to disclose or failed to disclose adequately to consumers who purchased the various systems offered by Defendants that they would be automatically enrolled in continuity membership plans that cost $39.95 per month and that they would be charged that amount each month unless affirmative action was taken to cancel their memberships.

10.  Uncontroverted evidence establishes that Defendants, individually or collectively, in conjunction with the sale of coaching programs for the various systems sold by Defendants misrepresented that consumers who purchased the coaching program would quickly earn back the cost or substantially more than the

-3-

1 │ cost of the coaching program.

2 │     11.  Uncontroverted evidence establishes that Defendants, individually or

3 │ collectively, in conjunction with the sale of continuity membership programs,

4 │ caused consumers' billing information to be submitted for payment without the

5 │ express informed consent of the customers.

6 │     12.  Uncontroverted evidence establishes that Defendants, individually or

7 │ collectively, initiated or caused a telemarketer to initiate outbound telephone calls

8 │ to consumers who had previously stated that they did not wish to receive outbound

9 │ telephone calls made by or on behalf of the Defendants.

10 │     13.  The FTC is entitled to judgment as a matter of law pursuant to Rule

11 │ 56(a) of the Federal Rules of Civil Procedure.

12 │     14.  There is a reasonable likelihood that Defendants would continue to

13 │ engage in the activities alleged in the Complaint unless permanently enjoined from

14 │ such acts and practices.  In the case of Defendants Gary Hewitt and Douglas

15 │ Gravink, there is good cause to impose an order banning them from engaging in

16 │ certain activities.

17 │     15.  Entry of this Order is in the public interest.  There being no just reason

18 │ for delay, the Clerk is directed to enter judgment immediately.

19 │ **DEFINITIONS**

20 │     For purposes of this Order, the following definitions shall apply:

21 │     1.  **"Assisting others"** includes but is not limited to:

22 │         a.  performing customer service functions, including but not

23 │ limited to receiving or responding to consumer complaints;

24 │         b.  formulating or providing, or arranging for the formulation or

25 │ provision of, any sales script or other marketing material;

26 │         c.  providing names of, or assisting in the generation of, potential

27 │ <div align="center">-4-</div>

28 │ <div align="center">FINAL JUDGMENT FOR PERMANENT INJUNCTION AND<br>OTHER EQUITABLE RELIEF AGAINST ALL DEFENDANTS</div>

1   customers;

2           d.      performing or providing marketing or billing services of any

3   kind;

4           e.      acting as an officer or director of a business entity;

5           f.      providing telemarketing services; or

6           g.      providing a merchant account for processing charges.

7       2.      "**Billing information**" means any data, including but not limited to

8   name, address, telephone number, email address, account number, routing number,

9   date of birth, or social security number, that enables any **person** to access a

10  consumer's or donor's account, including but not limited to credit card, debit card,

11  prepaid card, checking, savings, mortgage loan, share draft, or similar accounts.

12      3.      "**Clearly and conspicuously**," or "**clear and conspicuous**," means:

13          a.      In textual communications (e.g., printed publications or words

14  displayed on the screen of an electronic device), the required disclosures are of a

15  type, size, and location sufficiently noticeable for an ordinary consumer to read and

16  comprehend them, in print that contrasts with the background against which they

17  appear;

18          b.      In communications disseminated orally or through audible

19  means (e.g., radio or streaming audio), the required disclosures are delivered in a

20  volume and cadence sufficient for an ordinary consumer to hear and comprehend

21  them;

22          c.      In communications disseminated through an electronic medium

23  (such as television, video, and interactive media such as the internet, online

24  services and software), the required disclosures shall be presented simultaneously

25  in both the audio and the visual portions of the communication.  In any

26  communication presented solely through visual or audio means, the required

27                          -5-

28

1   disclosures may be made through the same means in which the communication is
2   presented.  Any audio disclosures shall be delivered in a volume and cadence
3   sufficient for an ordinary consumer to hear and comprehend them.  Any visual
4   disclosures shall be of a size and shade, with a degree of contrast to the background
5   against which they appear and shall appear on the screen for a duration and in a
6   location sufficiently noticeable for an ordinary consumer to read and comprehend
7   them; and

8          d.      In all instances, the required disclosures shall be presented prior
9   to the consumer incurring any financial obligation, in an understandable language
10  and syntax, and with nothing contrary to, inconsistent with, or in mitigation of the
11  disclosures used in any communication with them.

12      4.      "**Commerce**" means commerce among the several States or with
13  foreign nations, or in any Territory of the United States or in the District of
14  Columbia, or between any such Territory and another, or between any such
15  Territory and any State or foreign nation, or between the District of Columbia and
16  any State or Territory or foreign nation, as defined in Section 4 of the FTC Act, 15
17  U.S.C. § 44.

18      5.      "**Corporate Defendants**" means John Beck Amazing Profits, LLC;
19  John Alexander, LLC; Jeff Paul, LLC d/b/a Shortcuts to Millions, LLC; Mentoring
20  of America, LLC; Family Products, LLC; and their successors and assigns.

21      6.      "**Defendants**" means all of the **Individual Defendants** and the
22  **Corporate Defendants**, individually, collectively, or in any combination.

23      7.      "**Document**" is synonymous in meaning and equal in scope to the
24  usage of the term in Federal Rule of Civil Procedure 34(a), and includes writings,
25  drawings, graphs, charts, photographs, audio and video recordings, computer
26  records, and any other data compilations from which information can be obtained

27

-6-

28

FINAL JUDGMENT FOR PERMANENT INJUNCTION AND
OTHER EQUITABLE RELIEF AGAINST ALL DEFENDANTS

1  and translated, if necessary, through detection devices into reasonably usable form.

2  A draft or non-identical copy is a separate document within the meaning of the

3  term.

4        8.    "**Endorsement**" is synonymous in meaning and equal in scope to the

5  usage of the term in the FTC's "Guides Concerning Use of Endorsements and

6  Testimonials in Advertising," 16 C.F.R. § 255.0(b), and includes any advertising

7  message (including verbal statements, demonstrations, or depictions of the name,

8  signature, likeness or other identifying personal characteristics of an individual or

9  the name or seal of an organization) which message consumers are likely to believe

10  reflects the opinions, beliefs, findings, or experience of a party other than the

11  sponsoring advertiser.  The party whose opinions, beliefs, findings, or experience

12  the message appears to reflect will be called the endorser and may be an individual,

13  group or institution.

14        9.    "**FTC**" or "**Commission**" means the Federal Trade Commission.

15        10.   "**Individual Defendants**" means Douglas Gravink, Gary Hewitt, John

16  Beck, Jeff Paul, and John Alexander.

17        11.   "**Infomercial**" means any written or verbal statement, illustration, or

18  depiction that is one hundred twenty (120) seconds or longer in duration that is

19  designed to effect a sale or create interest in the purchasing of any product or

20  service, which appears in any media, including but not limited to radio, television,

21  and the internet.

22        12.   "**Material**" means likely to affect a **person**'s choice of, or conduct

23  regarding, products or services or a charitable contribution.

24        13.   "**Negative option feature**" means, in an offer or agreement to sell or

25  provide any product or service, a provision under which the consumer's silence or

26  failure to take an affirmative action to reject products or services or to cancel the

27                    -7-

28

1   agreement is interpreted by the **seller** or provider as acceptance or continuing

2   acceptance of the offer.  Offers or agreements with **negative option features**

3   include, but are not limited to:

4      a. Free or introductory price trial offers in which the consumer

5   receives a product or service for free or at a nominal or introductory price for an

6   initial period and will incur an obligation to pay or pay a greater amount for the

7   product or service if he or she does not take affirmative action to cancel, reject, or

8   return the product or service before the end of that period;

9      b. Continuity plans in which, subsequent to the consumer's

10   agreement to the plan, the **seller** or provider automatically ships products or

11   provides services to a consumer unless the consumer contacts the **seller** or provider

12   within a certain time and requests that the **seller** or provider not to ship the

13   products or provide the services; and

14      c. Automatic renewal plans in which the **seller** or provider

15   automatically renews the agreement and charges the consumer unless the consumer

16   cancels before renewal.

17     14. "**Person**" means any individual, group, unincorporated association,

18   limited or general partnership, corporation, or other business entity.

19     15. "**Plaintiff**" means the Federal Trade Commission.

20     16. "**Seller**" means any **person** who, in connection with a **telemarketing**

21   transaction, provides, offers to provide, or arranges for others to provide, products

22   or services to a consumer in exchange for consideration.

23     17. "**Telemarketer**" means any **person** who, in connection with

24   **telemarketing**, initiates or receives telephone calls to or from a consumer or

25   donor.

26     18. "**Telemarketing**" means a plan, program, or campaign, whether or

27   <div align="center">-8-</div>

28   <div align="center">FINAL JUDGMENT FOR PERMANENT INJUNCTION AND<br/>OTHER EQUITABLE RELIEF AGAINST ALL DEFENDANTS</div>

1   not covered by the Telemarketing Sales Rule, 16 C.F.R. Part 310, that is conducted

2   to induce the purchase of products or services or a charitable contribution by use of

3   one or more telephones and that involves more than one interstate telephone call.

4

5                                   **ORDER**

6                                        **I.**

7                        **Ban on Infomercials**

8       **IT IS HEREBY ORDERED** that Defendant Douglas Gravink, Defendant

9   Gary Hewitt, and Defendant Family Products, LLC, whether acting directly or

10   through any other person or entity, and each such **person**, are permanently

11   restrained and enjoined from engaging or participating in the production or

12   dissemination of any **infomercial**, and also from **assisting others** engaged in the

13   production or dissemination of any **infomercial**.  Nothing in any other provision of

14   this Order shall be read as an exception to this Section.

15                                      **II.**

16                     **Ban on Telemarketing**

17       **IT IS FURTHER ORDERED** that Defendant Douglas Gravink, Defendant

18   Gary Hewitt, Defendant Family Products, LLC, and Defendant Mentoring of

19   America, LLC, whether acting directly or through any other person or entity, and

20   each such **person**, are permanently restrained and enjoined from engaging or

21   participating in **telemarketing**, and from **assisting others** engaged in

22   **telemarketing**.  Nothing in any other provision of this Order shall be read as an

23   exception to this Section.

24                                     **III.**

25                      **Prohibited Conduct**

26       **IT IS FURTHER ORDERED** that:

27                                 -9-

28

1    A.    **Defendants** as well as their officers, agents, servants, employees, and
2    attorneys, and all other **persons** or entities in active concert or participation with
3    any of them who receive actual notice of this Order by personal service or
4    otherwise, whether acting directly or through any corporation or other entity,
5    subsidiary, division, or other device, including but not limited to fictitious business
6    names, and each such **person**, in connection with the advertising, promoting,
7    offering for sale, or sale of any product or service, including through the use of
8    **endorsements**, are hereby permanently restrained and enjoined from:
9        1.    misrepresenting, expressly or by implication, that consumers
10   who purchase any product or service will likely be able to earn money;
11       2.    representing, expressly or by implication, that consumers who
12   purchase any product or service will likely be able to earn money, unless
13   **Defendants** possess and rely upon a reasonable basis to substantiate the
14   representation at the time the representation is made;
15       3.    misrepresenting, expressly or by implication, that consumers
16   who purchase any product or service will likely be able to earn money quickly;
17       4.    representing, expressly or by implication, that consumers who
18   purchase any product or service will likely be able to earn money quickly, unless
19   **Defendants** possess and rely upon a reasonable basis to substantiate the
20   representation at the time the representation is made;
21       5.    misrepresenting, expressly or by implication, that consumers
22   who purchase any product or service will likely be able to earn money easily;
23       6.    representing, expressly or by implication, that consumers who
24   purchase any product or service will likely be able to earn money easily, unless
25   **Defendants** possess and rely upon a reasonable basis to substantiate the
26   representation at the time the representation is made;
27
-10-
28
FINAL JUDGMENT FOR PERMANENT INJUNCTION AND
OTHER EQUITABLE RELIEF AGAINST ALL DEFENDANTS

1          7.    misrepresenting, expressly or by implication, that consumers
2 who purchase any product or service will likely be able to make use of, or make
3 money from, such product or service with little or no financial investment;

4          8.    representing, expressly or by implication, that consumers who
5 purchase any product or service will likely be able to make use of, or make money
6 from, such product or service with little or no financial investment; unless
7 **Defendants** possess and rely upon a reasonable basis to substantiate the
8 representation at the time the representation is made; and

9          9.    misrepresenting any other fact material to consumers
10 concerning any product or service.

11    B.    Defendant John Beck, Defendant Douglas Gravink, Defendant Gary
12 Hewitt, and the **Corporate Defendants**, as well as their officers, agents, servants,
13 employees, and attorneys, and all other **persons** or entities in active concert or
14 participation with any of them who receive actual notice of this Order by personal
15 service or otherwise, whether acting directly or through any corporation or other
16 entity, subsidiary, division, or other device, including but not limited to fictitious
17 business names, and each such **person**, in connection with the advertising,
18 promoting, offering for sale, or sale of any product or service, including through
19 the use of **endorsements**, are hereby permanently restrained and enjoined from:

20          1.    misrepresenting, expressly or by implication, that consumers
21 will likely be able to purchase homes or other properties at tax sales;

22          2.    representing, expressly or by implication, that consumers will
23 likely be able to purchase homes or other properties at tax sales, unless such
24 Defendants possess and rely upon a reasonable basis to substantiate the
25 representation at the time the representation is made;

26          3.    misrepresenting, expressly or by implication, that consumers

27

-11-

28

1  will likely be able to purchase homes or other properties at tax sales in their area;

2          4.      representing, expressly or by implication, that consumers will

3  likely be able to purchase homes or other properties at tax sales in their area, unless

4  such Defendants possess and rely upon a reasonable basis to substantiate the

5  representation at the time the representation is made;

6          5.      misrepresenting, expressly or by implication, that consumers

7  will likely be able to purchase homes or other properties at tax sales for "pennies

8  on the dollar" or for substantially less than their market value;

9          6.      representing, expressly or by implication, that consumers will

10 likely be able to purchase homes or other properties at tax sales for "pennies on the

11 dollar" or for substantially less than their market value, unless such Defendants

12 possess and rely upon a reasonable basis to substantiate the representation at the

13 time the representation is made;

14         7.      misrepresenting, expressly or by implication, that consumers

15 will likely be able to purchase homes or other properties at tax sales "free and

16 clear" of all mortgages or liens;

17         8.      representing, expressly or by implication, that consumers will

18 likely be able to purchase homes or other properties at tax sales "free and clear" of

19 all mortgages or liens, unless such Defendants possess and rely upon a reasonable

20 basis to substantiate the representation at the time the representation is made;

21         9.      misrepresenting, expressly or by implication, that consumers

22 who purchase any product or service will likely be able to earn money by selling or

23 renting homes or other properties purchased at tax sales;

24         10.     representing, expressly or by implication, that consumers who

25 purchase any product or service will likely be able to earn money selling or renting

26 homes or other properties purchased at government tax sales, unless such

27

-12-

28

FINAL JUDGMENT FOR PERMANENT INJUNCTION AND
OTHER EQUITABLE RELIEF AGAINST ALL DEFENDANTS

1   Defendants possess and rely upon a reasonable basis to substantiate the
2   representation at the time the representation is made;

3         11.    misrepresenting, expressly or by implication, that consumers
4   are able to purchase deeds at tax sales;

5         12.    failing to disclose, prominently and conspicuously, in
6   connection with the advertising, marketing, promotion, offering for sale, or sale, of
7   any product or service related to tax-foreclosure sales, that in many if not most tax
8   jurisdictions, consumers are not able to purchase deeds at tax-foreclosure sales;

9         13.    misrepresenting that consumers will be able to earn money by
10  purchasing liens or tax certificates at tax sales;

11        14.    misrepresenting, expressly or by implication, the financial
12  success, wealth, or income that any Defendant has ever earned or achieved;

13        15.    misrepresenting, expressly or by implication, the financial
14  success, wealth, or income that any other person has achieved;

15        16.    representing, expressly or by implication, that any person has
16  achieved any level of financial success, or any level of income or wealth, unless
17  such Defendants possess and rely upon a reasonable basis to substantiate the
18  representation at the time the representation is made; and

19        17.    misrepresenting, expressly or by implication, any other material
20  fact in connection with the sale of any product or service related to buying, selling
21  or renting real property, or acquiring or selling any interest or lien in real property.

22      C.    Defendant John Alexander, Defendant Douglas Gravink, Defendant
23  Gary Hewitt, and the **Corporate Defendants**, as well as their officers, agents,
24  servants, employees, and attorneys, and all other **persons** or entities in active
25  concert or participation with any of them who receive actual notice of this Order by
26  personal service or otherwise, whether acting directly or through any corporation

27                             -13-

28

1  or other entity, subsidiary, division, or other device, including but not limited to
2  fictitious business names, and each such **person**, in connection with the
3  advertising, promoting, offering for sale, or sale of any product or service related
4  to buying, selling or renting real property, or related to engaging in any real-estate
5  transaction, including through the use of **endorsements**, are hereby permanently
6  restrained and enjoined from misrepresenting, expressly or by implication, any
7  material fact.

8      D.      Defendant Jeff Paul, Defendant Douglas Gravink, Defendant Gary
9  Hewitt, and the **Corporate Defendants**, as well as their officers, agents, servants,
10  employees, and attorneys, and all other **persons** or entities in active concert or
11  participation with any of them who receive actual notice of this Order by personal
12  service or otherwise, whether acting directly or through any corporation or other
13  entity, subsidiary, division, or other device, including but not limited to fictitious
14  business names, and each such **person**, in connection with the advertising,
15  promoting, offering for sale, or sale of any product or service, including through
16  the use of **endorsements**, are hereby permanently restrained and enjoined from:

17      1.      misrepresenting, expressly or by implication, that consumers are
18  likely to earn money from internet businesses;

19      2.      representing, expressly or by implication, that consumers are
20  likely to earn money from internet businesses, unless such Defendants possess and
21  rely upon a reasonable basis to substantiate the representation at the time the
22  representation is made;

23      3.      misrepresenting, expressly or by implication, that consumers
24  are likely to receive proven or turnkey businesses;

25      4.      representing, expressly or by implication, that consumers are
26  likely to receive proven or turnkey businesses, unless such **Defendants** possess

27                                          -14-

28              FINAL JUDGMENT FOR PERMANENT INJUNCTION AND
                OTHER EQUITABLE RELIEF AGAINST ALL DEFENDANTS

1  and rely upon a reasonable basis to substantiate the representation at the time the
2  representation is made; and

3          5.      misrepresenting, expressly or by implication, in connection
4  with  the advertising, promoting, offering for sale, or sale of any product or service
5  related to teaching marketing techniques, principles, or skills, any other material
6  fact.

7          E.      Defendant Douglas Gravink; Defendant Gary Hewitt; and the
8  **Corporate Defendants** as well as their officers, agents, servants, employees, and
9  attorneys, and all other **persons** or entities in active concert or participation with
10  any of them who receive actual notice of this Order by personal service or
11  otherwise, whether acting directly or through any corporation or other entity,
12  subsidiary, division, or other device, including but not limited to fictitious business
13  names, and each such **person**, in connection with the advertising, promoting,
14  offering for sale, or sale of any product or service, including through the use of
15  **endorsements**, are hereby permanently restrained and enjoined from representing
16  that a product or service is offered on a "free," "trial," or "no obligation" basis, or
17  words of similar import, denoting or implying the absence of any obligation on the
18  part of the recipient of the offer to affirmatively act in order to avoid charges if, in
19  fact, a charge will be assessed pursuant to the offer unless the consumer takes
20  affirmative action to cancel.

21          F.      Defendant Douglas Gravink, Defendant Gary Hewitt, and the
22  **Corporate Defendants**, as well as their officers, agents, servants, employees, and
23  attorneys, and all other **persons** or entities in active concert or participation with
24  any of them who receive actual notice of this Order by personal service or
25  otherwise, whether acting directly or through any corporation or other entity,
26  subsidiary, division, or other device, including but not limited to fictitious business

27

28

-15-

names, and each such **person**, in connection with the advertising, promoting, offering for sale, or sale of any product or service, including through the use of **endorsements**, are hereby permanently restrained and enjoined from:

       1.    misrepresenting, expressly or by implication, that consumers who purchase any product or service will earn back the cost or more than the cost of such product or service; and

       2.    representing, expressly or by implication, that consumers who purchase any product or service will earn back the cost or more than the cost of such product or service, unless such Defendants possess and rely upon a reasonable basis to substantiate the representation at the time the representation is made.

       G.    Defendant Gary Hewitt; Defendant Douglas Gravink; and the **Corporate Defendants**, as well as its officers, agents, servants, employees, and attorneys, and all other **persons** or entities in active concert or participation with it who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any corporation or other entity, subsidiary, division, or other device, including but not limited to fictitious business names, and each such **person**, in connection with the advertising, marketing, **telemarketing**, promoting, offering for sale, or sale of any product or service, are hereby permanently restrained and enjoined from violating or **assisting others** in violating any provision of the Telemarketing Sales Rule, 16 C.F.R. Part 310, as currently promulgated or as hereinafter may be amended, including but not limited to:

       1.    violating Section 310.3(a)(1)(vii), of the Telemarketing Sales Rule, 16 C.F.R. § 310.3(a)(1)(vii), by failing to disclose, or to disclose clearly and conspicuously, before a consumer pays for goods or services offered, all **material** terms and conditions of any **negative option feature** included in the offer, including but not limited to the fact that the customer's account will be charged

-16-

1 unless the customer takes an affirmative action to avoid the charge(s), the date(s)
2 the charge(s) will be submitted for payment, and the specific steps the customer
3 must take to avoid the charge(s);

4         2.     violating Section 310.4(a)(6) of the Telemarketing Sales Rule,
5 16 C.F.R. § 310.4(a)(6), by causing billing information to be submitted for
6 payment, directly or indirectly, without the express informed consent of the
7 customer or donor.  In any **telemarketing** transaction, such Defendants shall
8 obtain the customer's or donor's express informed consent to be charged for the
9 goods or services or charitable contribution, and consent to be charged using the
10 identified account; and

11         3.     violating Section 310.4(b)(1)(iii)(A) of the Telemarketing Sales
12 Rule, 16 C.F.R. § 310.4(b)(1)(iii)(A), by initiating or causing a telemarketer to
13 initiate an outbound telephone call to any consumer who has previously stated that
14 he or she does not wish to receive outbound telephone calls made by or on behalf
15 of such Defendants.

16 <div align="center">**IV.**</div>

17 <div align="center">**Required Disclosures**</div>

18     **IT IS FURTHER ORDERED** that in connection with the advertising,
19 **telemarketing**, promotion, offering for sale or sale of any product or service, by
20 telephone or otherwise in **commerce**, Defendant Gary Hewitt, Defendant Douglas
21 Gravink, and the **Corporate Defendants**, as well as their officers, agents, servants,
22 employees, and attorneys, and all other **persons** or entities in active concert or
23 participation with any of them who receive actual notice of this Order by personal
24 service or otherwise, whether acting directly or through any corporation or other
25 entity, subsidiary, division, or other device, including but not limited to, fictitious
26 business names, and each such **person**, shall disclose, **clearly and conspicuously**,

27 <div align="center">-17-</div>

28
<div align="center">FINAL JUDGMENT FOR PERMANENT INJUNCTION AND
OTHER EQUITABLE RELIEF AGAINST ALL DEFENDANTS</div>

before consumers are asked to pay money, reveal **billing information**, or submit consideration, or before any charge is incurred:

    A.    All fees and costs;

    B.    All **material** restrictions, limitations, or conditions applicable to the purchase, receipt, or use of the product or service that is the subject of the offer (including but not limited to any promotion associated with free products or services, or products or services available on a trial basis);

    C.    All **material** terms and conditions of any cancellation or refund policy, including but not limited to informing consumers if no cancellations or refunds are permitted; and

    D.    All **material** terms and conditions of any offer with a **negative option feature**, including but not limited to:

        1.    The dollar amount of the first payment and when it will be charged, withdrawn, or become due; the dates or frequency (e.g., monthly, quarterly) of all subsequent charges or payment(s); and the dollar amount or range of costs of all subsequent charges or payment(s);

        2.    If a withdrawal will be made or a charge assessed at the end of a trial period unless the consumer cancels: this fact; when the trial period begins; the length of the trial period; the specific steps and means by which a cancellation request must be submitted; and the date by or time period within which a cancellation request must be received to avoid a charge;

        3.    If products are automatically shipped to a consumer, or a membership, subscription, or agreement for products or services that are offered on a periodic basis is automatically renewed unless the consumer provides notification within a certain time not to ship or renew: this fact; the length of the subsequent renewal period; the manner in which a notice not to ship or renew must be

-18-

1 submitted; the date by or time period within which a notice not to ship or renew
2 must be received to avoid shipment or renewal (e.g., two weeks after the consumer
3 is advised of an upcoming shipment); and the telephone number, email address, or
4 street address to which such notice must be directed;

5         4.    All **material** conditions, limitations and restrictions on the
6 ability of the consumer to use any product or service that is offered as "free," "risk-
7 free," "without obligation," or using words of similar import denoting or implying
8 the absence of any obligation; and

9         5.    The minimum number of purchases or minimum service period
10 required by such Defendants, if any.

11 <div align="center">**V.**</div>

12 <div align="center">**Express Informed Consent**</div>

13     **IT IS FURTHER ORDERED** that in connection with the advertising,
14 **telemarketing**, promotion, offering for sale or sale of any product or service, by
15 telephone or otherwise in **commerce**, Defendant Gary Hewitt, Defendant Douglas
16 Gravink, and the Corporate Defendants, as well as their officers, agents, servants,
17 employees, and attorneys, and all other **persons** or entities in active concert or
18 participation with any of them who receive actual notice of this Order by personal
19 service or otherwise, whether acting directly or through any corporation or other
20 entity, subsidiary, division, or other device, including but not limited to, fictitious
21 business names, and each such **person**, are hereby permanently restrained and
22 enjoined from directly or indirectly using a consumer's **billing information** to
23 obtain payment without first obtaining the consumer's express informed consent,
24 which shall include express informed consent to be charged for the product or
25 service using a specified billing account, and the **clear and conspicuous** disclosure
26 of the information identified in the Section titled Required Disclosures, in close

27 <div align="center">-19-</div>

28 <div align="center">FINAL JUDGMENT FOR PERMANENT INJUNCTION AND
OTHER EQUITABLE RELIEF AGAINST ALL DEFENDANTS</div>

1  proximity to the consumer's express consent to purchase such products or services.

2       A.     In connection with the marketing of any product or service pursuant to

3  an offer or agreement with a **negative option feature**, the following requirements

4  must be met to ensure express informed consent:

5          1.     The consumer's consent to be charged for the product or service

6  using a specified billing account must be either in writing or audio-recorded, and

7  must meet the following requirements:

8             a.     If the consumer's consent is provided in written format,

9  such consent must include the **clear and conspicuous** disclosure of each item of

10  information set forth in the Section titled Required Disclosures, as well as the

11  consumer's signature (the term "signature" includes a verifiable electronic or

12  digital form of signature, to the extent such form of signature is recognized as a

13  valid signature under applicable federal law or state contract law);

14             b.     If the consumer's consent is provided orally, such

15  consent shall be audio-recorded, as follows:

16                i.     The recording must evidence that the consumer, during

17  that transaction, has provided at least the last four (4) digits of the account number

18  to be charged;

19               ii.     The recording must evidence that the disclosure

20  requirements of the Section titled Required Disclosures have been complied with;

21              iii.     The recording must include the entirety of the sales call

22  (and not merely the portion of the call after the consumer has indicated that he or

23  she desires to make a purchase);

24              iv.     The recording can be identified and located by either the

25  consumer's name or telephone number; and

26              v.     A copy of the recording must be provided upon request

27  -20-

28

1   to the consumer, the consumer's bank, credit or debit card company or other billing

2   entity, state attorney general or consumer protection agency, or the **Commission**.

3          2.    For any transaction involving a service, within the lesser of ten

4   (10) days after the date of the transaction or half the time of any trial period, the

5   consumer must be sent written confirmation of the transaction that includes all of

6   the information required by the Section titled Required Disclosures and a **clear**

7   **and conspicuous** statement of the procedures by which the consumer can cancel or

8   obtain a refund.  The written confirmation shall be sent via first class mail in an

9   envelope that **clearly and conspicuously** identifies the sender of the confirmation

10  and the service the consumer ordered;

11         3.    For any transaction involving a product, the first product

12  shipment must contain written confirmation of the transaction that includes all of

13  the information that is required to be disclosed pursuant to the Section titled

14  Required Disclosures, and a **clear and conspicuous** statement of the procedures by

15  which the consumer can cancel or obtain a refund;

16         4.    In the case of a membership, subscription, or agreement whose

17  term is less than sixty (60) days, at least fifteen (15) days prior to renewing a

18  consumer's membership, subscription, or agreement to purchase for any service

19  and prior to the submission for payment of a consumer's **billing information** for

20  such services, the consumer must be sent written confirmation of such renewal.

21  The written confirmation shall include all of the information required by the

22  Section titled Required Disclosures and a **clear and conspicuous** statement of the

23  procedures by which the consumer can cancel such renewal, and shall be sent via

24  first class mail in an envelope that **clearly and conspicuously** identifies the sender

25  of the confirmation and the service the consumer ordered; and

26         5.    In the case of a membership, subscription, or agreement whose

27  

28  

-21-

1  term is more than sixty (60) days, at least thirty (30) days prior to renewing a

2  consumer's membership, subscription, or agreement to purchase for any service

3  and prior to the submission for payment of a consumer's **billing information** for

4  such services, the consumer must be sent written confirmation of such renewal.

5  The written confirmation shall include all of the information required by the

6  Section titled Required Disclosures and a **clear and conspicuous** statement of the

7  procedures by which the consumer can cancel such renewal, and shall be sent via

8  first class mail in an envelope that **clearly and conspicuously** identifies the sender

9  of the confirmation and the service the consumer ordered.

10        B.      With respect to previous customers, **Defendants** shall not bill any

11  consumer or accept payment from any consumer who, as of the date of this Order,

12  has already been enrolled as a trial or paying customer of John Beck's "Property

13  Vault," John Alexander's "John's Club," or Jeff Paul's "Big League" or "Internet

14  Millionaires Club," unless and until **Defendants** obtain, after entry of this Order,

15  the consumer's express informed consent, as described in this Section.

16                                  **VI.**

17              **Order Provision Regarding Customer Information**

18        **IT IS FURTHER ORDERED** that **Defendants**, as well as their officers,

19  agents, servants, employees, and attorneys, and all other **persons** or entities in

20  active concert or participation with any of them who receive actual notice of this

21  Order by personal service or otherwise, and each such **person**, are hereby

22  permanently restrained and enjoined from:

23        A.      Disclosing, using, or benefitting from customer information, including

24  name, address, telephone number, email address, Social Security number, other

25  identifying information, or any data that enables access to a customer's account

26  (including a credit card, bank account, or other financial account), of any **person**

27                                 -22-

28  FINAL JUDGMENT FOR PERMANENT INJUNCTION AND
    OTHER EQUITABLE RELIEF AGAINST ALL DEFENDANTS

1 that was obtained by any **Defendant** prior to entry of this Order in connection with
2 the sale of any product or service; and

3      B.    Failing to dispose of such customer information in all forms in their
4 possession, custody, or control within thirty (30) days after entry of this Order.
5 Disposal shall be by means that protect against unauthorized access to the customer
6 information, such as by burning, pulverizing, or shredding any papers, and by
7 erasing or destroying any electronic media, to ensure that the customer information
8 cannot practicably be read or reconstructed.

9 ***Provided, however,*** that customer information need not be disposed of, and may be
10 disclosed, to the extent requested by a government agency or required by a law,
11 regulation, or court order.

12 <div align="center">**VII.**</div>

13 <div align="center">**Monetary Judgment and Consumer Restitution**</div>

14     **IT IS FURTHER ORDERED** that:

15      A.    Judgment is hereby entered in favor of the **Commission** and against
16 Defendant John Beck, Defendant Douglas Gravink, Defendant Gary Hewitt, and
17 the **Corporate Defendants**, jointly and severally, for equitable monetary relief,
18 including but not limited to consumer redress, in the amount of one hundred
19 thirteen million, three hundred seventy-four thousand, three hundred five dollars
20 ($113,374,305), which is the amount of injury suffered by consumers, or unjust
21 enrichment obtained by Defendants, in connection with the practices alleged in
22 Count 1 of the Complaint. Judgment shall be paid to the **Commission** within thirty
23 (30) days of entry of this Order.

24      B.    Judgment is hereby entered in favor of the **Commission** and against
25 Defendant John Alexander, Defendant Douglas Gravink, Defendant Gary Hewitt,
26 and the **Corporate Defendants**, jointly and severally, for equitable monetary

27 <div align="center">-23-</div>

28 <div align="center">FINAL JUDGMENT FOR PERMANENT INJUNCTION AND<br>OTHER EQUITABLE RELIEF AGAINST ALL DEFENDANTS</div>

1   relief, including but not limited to consumer redress, in the amount of eleven

2   million, six hundred sixty-four thousand, nine hundred forty dollars ($11,664,940),

3   which is the amount of injury suffered by consumers, or unjust enrichment

4   obtained by Defendants, in connection with the practices alleged in Count 3 of the

5   Complaint.  Judgment shall be paid to the **Commission** within thirty (30) days of

6   entry of this Order.

7        C.    Judgment is hereby entered in favor of the **Commission** and against

8   Defendant Jeff Paul, Defendant Douglas Gravink, Defendant Gary Hewitt, and the

9   **Corporate Defendants**, jointly and severally, for equitable monetary relief,

10  including but not limited to consumer redress, in the amount of thirty-three million,

11  eight hundred three thousand, three hundred thirty-seven dollars ($33,803,337),

12  which is the amount of injury suffered by consumers, or unjust enrichment

13  obtained by Defendants,  in connection with the practices alleged in Count 5 of the

14  Complaint.  Judgment shall be paid to the **Commission** within thirty (30) days of

15  entry of this Order.

16       D.    Judgment is hereby entered in favor of the **Commission** and against

17  Defendant Douglas Gravink, Defendant Gary Hewitt, and the **Corporate**

18  **Defendants**, jointly and severally, for equitable monetary relief, including but not

19  limited to consumer redress, in the amount of forty million, nine thousand, six

20  hundred forty-eight dollars ($40,009,648), which is the amount of injury suffered

21  by consumers, or unjust enrichment obtained by Defendants, in connection with

22  the practices alleged in Counts 2, 4, and 6 of the Complaint.  Judgment shall be

23  paid to the **Commission** within thirty (30) days of entry of this Order.

24       E.    Judgment is hereby entered in favor of the **Commission** and against

25  Defendant Douglas Gravink, Defendant Gary Hewitt, and the **Corporate**

26  **Defendants**, jointly and severally, for equitable monetary relief, including but not

27                              -24-

28

1 │ limited to consumer redress, in the amount of two hundred eighty million, sixty-
2 │ seven thousand, five hundred thirty-five dollars ($280,067,535), which is the
3 │ amount of injury suffered by consumers, or unjust enrichment obtained by
4 │ Defendants, in connection with the practices alleged in Count 7 of the Complaint.
5 │ Judgment shall be paid to the **Commission** within thirty (30) days of entry of this
6 │ Order.

7 │      F.    All funds paid to or received by the **Commission** pursuant to this
8 │ Section shall be deposited into a fund administered by the **Commission** or its
9 │ agent.  In the event that direct restitution to consumers is wholly or partially
10 │ impracticable or funds remain after restitution is completed, the Commission may
11 │ apply any remaining funds for such other equitable relief (including consumer
12 │ information remedies) as it determines to be reasonably related to **Defendants'**
13 │ practices as alleged in the Complaint.  Any funds not used for such equitable relief
14 │ will be deposited with the United States Treasury as disgorgement.  **Defendants**
15 │ shall have no right to challenge the **Commission's** choice of remedies under this
16 │ Section.  **Defendants** shall have no right to contest the manner of distribution
17 │ chosen by the **Commission**.

18 │ <center>**VIII.**</center>

19 │ <center>**Order Acknowledgments**</center>

20 │     **IT IS FURTHER ORDERED** that **Defendants** obtain acknowledgments of
21 │ receipt of this Order:

22 │     A.    Each **Defendant**, within ten (10) days of entry of this Order, must
23 │ submit to the **Commission** an acknowledgment of receipt of this Order sworn
24 │ under penalty of perjury.

25 │     B.    For twenty (20) years after entry of this Order, Defendants Gravink
26 │ and Hewitt, and for ten (10) years after entry of this Order, Defendants Beck, Paul,

27 │ <center>-25-</center>

28 │ <center>FINAL JUDGMENT FOR PERMANENT INJUNCTION AND
OTHER EQUITABLE RELIEF AGAINST ALL DEFENDANTS</center>

1  and Alexander, for any business that such **Defendant**, individually or collectively

2  with any other **Defendant**, is the majority owner or directly or indirectly controls,

3  and each **Corporate Defendant**, must deliver a copy of this Order to:

4          1.     all principals, officers, directors, and managers;

5          2.     all employees, agents, and representatives who participate in

6  conduct related to the subject matter of the Order; and

7          3.     any business entity resulting from any change in structure as set

8  forth in the Section titled Compliance Reporting.  Delivery must occur within ten

9  (10) days of entry of this Order for current personnel.  To all others, delivery must

10  occur before they assume their responsibilities.

11      C.    From each individual or entity to which a **Defendant** delivered a copy

12  of this Order, such **Defendant** must obtain, within thirty (30) days, a signed and

13  dated acknowledgment of receipt of this Order.

14  **IX.**

15  **Compliance Reporting**

16      **IT IS FURTHER ORDERED** that **Defendants** make timely submissions to

17  the **Commission**:

18      A.    One hundred eighty (180) days after entry of this Order, each

19  **Defendant** must submit a compliance report, sworn under penalty of perjury.

20          1.     Each **Defendant** must:

21              a.     designate at least one telephone number and an email,

22  physical, and postal address as points of contact, which representatives of the

23  Commission may use to communicate with such **Defendant**;

24              b.     identify all of such **Defendant's** businesses by all of their

25  names, telephone numbers, and physical, postal, email, and internet addresses;

26              c.     describe the activities of each business, including the

27  -26-

28

1  products and services offered, the means of advertising, marketing, and sales, and
2  the involvement of any other **Defendant** (which **Individual Defendants** must
3  describe if they know or should know due to their own involvement);

4           d.     describe in detail whether and how such **Defendant** is in
5  compliance with each Section of this Order; and

6           e.     provide a copy of each Order Acknowledgment obtained
7  pursuant to this Order, unless previously submitted to the **Commission**;

8           2.     Additionally, each **Individual Defendant** must:

9           a.     identify all telephone numbers and all email, internet,
10  physical, and postal addresses, including all residences;

11           b.     identify all titles and roles in all business activities,
12  including any business for which such **Defendant** performs services, whether as an
13  employee or otherwise, and any entity in which such **Defendant** has any
14  ownership interest; and

15           c.     describe in detail such **Defendant's** involvement in each
16  such business, including title, role, responsibilities, participation, authority, control,
17  and any ownership.

18      B.     For twenty (20) years following entry of this Order, Gravink and
19  Hewitt, and for ten (10) years following entry of this Order, Beck, Paul, and
20  Alexander, must submit a compliance notice, sworn under penalty of perjury,
21  within fourteen (14) days of any change in the following:

22           1.     Each **Defendant** must report any change in:

23           a.     any designated point of contact; or

24           b.     the structure of any **Corporate Defendant** or any entity
25  that such **Defendant** has any ownership interest in or directly or indirectly controls
26  that may affect compliance obligations arising under this Order, including:

27                                -27-

28

1 creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or
2 affiliate that engages in any acts or practices subject to this Order.

3        2.     Additionally, each **Individual Defendant** must report any
4 change in:

5        a.     name, including aliases or fictitious name, or residence
6 address; or

7        b.     title or role in any business activity, including any
8 business for which such **Defendant** performs services whether as an employee or
9 otherwise and any entity in which such **Defendant** has any ownership interest, and
10 identify its name, physical address, and internet address, if any.

11     C.     Each **Defendant** must submit to the **Commission** notice of the filing
12 of any bankruptcy petition, insolvency proceeding, or any similar proceeding by or
13 against such **Defendant** within fourteen (14) days of its filing.

14     D.     Any submission to the **Commission** required by this Order to be
15 sworn under penalty of perjury must be true and accurate and comply with 28
16 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under
17 the laws of the United States of America that the foregoing is true and correct.
18 Executed on:_____ " and supplying the date and the signatory's full name, title (if
19 applicable), and signature.

20     E.     Unless otherwise directed by a **Commission** representative in writing,
21 all submissions to the **Commission** pursuant to this Order must be emailed to
22 DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:
23 Associate Director for Enforcement, Bureau of Consumer Protection, Federal
24 Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The
25 subject line must begin: FTC v. John Beck Amazing Profits, LLC, et al., Matter
26 no. X090068.

-28-

FINAL JUDGMENT FOR PERMANENT INJUNCTION AND
OTHER EQUITABLE RELIEF AGAINST ALL DEFENDANTS

## X.

### Recordkeeping

**IT IS FURTHER ORDERED** that Gravink and Hewitt must create certain records for twenty (20) years after entry of this Order, and Beck, Paul, and Alexander must create records for ten (10) years after entry of this Order, and retain each such record for five (5) years.  Specifically, each **Corporate Defendant** and each **Individual Defendant**, for any business in which such **Defendant**, individually or collectively with any other **Defendants**, is a majority owner or directly or indirectly controls, must maintain the following records:

 A. Accounting records showing the revenues from all goods or services sold, all costs incurred in generating those revenues, and the resulting net profit or loss;

 B. Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name, addresses, and telephone numbers; job title or position; dates of service; and, if applicable, the reason for termination;

 C. Customer files obtained after entry of this Order showing the names, addresses, telephone numbers, dollar amounts paid, and the quantity and description of goods or services purchased;

 D. Complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

 E. All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the **Commission**; and

 F. A copy of each advertisement or other marketing material.

## XI.

### Compliance Monitoring

-29-

FINAL JUDGMENT FOR PERMANENT INJUNCTION AND
OTHER EQUITABLE RELIEF AGAINST ALL DEFENDANTS

1    **IT IS FURTHER ORDERED** that for the purpose of monitoring

2    **Defendants'** compliance with this Order:

3    A.    Within fourteen (14) days of receipt of a written request from a

4    representative of the **Commission**, each **Defendant** must: submit additional

5    compliance reports or other requested information, which must be sworn under

6    penalty of perjury; appear for depositions; and produce documents, for inspection

7    and copying.  The Commission is also authorized to obtain discovery, without

8    further leave of court, using any of the procedures prescribed by Federal Rules of

9    Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and

10   69.

11   B.    For matters concerning this Order, the **Commission** is authorized to

12   communicate directly with each **Defendant**.  **Defendants** must permit

13   representatives of the **Commission** to interview any employee or other **person**

14   affiliated with any **Defendant** who has agreed to such an interview.  The **person**

15   interviewed may have counsel present.

16   C.    The **Commission** may use all other lawful means, including posing,

17   through its representatives, as consumers, suppliers, or other individuals or entities,

18   to **Defendants** or any individual or entity affiliated with **Defendants**, without the

19   necessity of identification or prior notice.  Nothing in this Order limits the

20   **Commission's** lawful use of compulsory process, pursuant to Sections 9 and 20 of

21   the FTC Act, 15 U.S.C. §§ 49, 57b-1.

22   ///

23   ///

24   ///

25   ///

26   ///

27

28

-30-

FINAL JUDGMENT FOR PERMANENT INJUNCTION AND
OTHER EQUITABLE RELIEF AGAINST ALL DEFENDANTS

## XII.

### Retention of Jurisdiction

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**IT IS SO ORDERED.**

DATED: August 21, 2012

_____

HON. JACQUELINE H. NGUYEN[*]

---

[*] Circuit Judge, U.S. Court of Appeals for the Ninth Circuit, sitting by designation. Judge Nguyen presided over this case from December 16, 2009 to May 14, 2012 as a United States District Judge.

FINAL JUDGMENT FOR PERMANENT INJUNCTION AND
OTHER EQUITABLE RELIEF AGAINST ALL DEFENDANTS